IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VICTOR G. PEREZ, individually and as Assignee of PINATA GRAPHICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMCO INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, <br><br> Defendants. | No. 1:08-cv-04364 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate Judge Morton Denlow |

**DEFENDANTS' EMERGENCY MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AGAINST HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY AND LOUIS BENBOW**

Now come the Defendants, AMCO Insurance Company ("AMCO"), Nationwide Property & Casualty Insurance Company ("Nationwide") and Allied Property & Casualty Insurance Company ("Allied") by and through their attorneys, John D. Hackett and Jamie L. Hull of Cassiday Schade LLP, and for their Motion for Leave to File A Third-Party Complaint against Hartford Steam Boiler Inspection and Insurance Company ("Hartford") and Louis A. Benbow ("Benbow"), state as follows:

1. The Plaintiffs, Pinata Graphics, Inc. ("Pinata") and Victor G. Perez ("Perez") have filed a Complaint against AMCO, Nationwide and Allied seeking to recover business income, extra expenses and other damages allegedly caused by fire damage to a Ryobi printing press on July 22, 2006.

2.　　In the Plaintiff's Complaint, the Plaintiffs allege that equipment breakdown coverage provided by the insurance policy AMCO issued to Pinata and Perez was reinsured by Hartford; that Hartford handled the adjustment of an equipment breakdown claim caused by a crack in the frame of a Ryobi printing press owned by Pinata and Perez (hereinafter "Ryobi Press"); that Hartford retained Benbow to inspect the printing press and adjust the equipment breakdown claim; that the July 22, 2006 fire damage to the Ryobi Press was proximately caused by Hartford's and Benbow's negligence in handling the equipment breakdown claim; that Hartford is AMCO's agent and Benbow is AMCO's sub-agent; and that AMCO is vicariously liable for the acts, omissions or conduct of Hartford and Benbow.

3.　　AMCO has filed an answer to Plaintiffs' Complaint in which it has denied that Hartford and Benbow were its agents or sub-agents, and in which AMCO has denied all substantive allegations of fault pleaded against it.

4.　　Pursuant to Federal Rule of Civil Procedure 14(a), AMCO, Nationwide and Allied request leave to file a third-party action against Hartford and Benbow for contribution and against Hartford for indemnity.

5.　　Pursuant to section 5/13-204 of the Illinois Code of Civil Procedure, 735 ILCS 5/13-204, in instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

6. AMCO, Nationwide and Allied first learned about the fire in the printing press on September 8, 2006.

7. While AMCO, Nationwide and Allied would dispute that they knew of Hartford and/or Benbow's alleged acts or omissions giving rise to their action for contribution or indemnity at that time, they desire to file their third-party complaint against them in order to avoid any argument with respect to the statute of limitations.

8. This Court has jurisdiction over the Third-Party Complaint pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

9. Attached hereto as Exhibit "A" is AMCO, Nationwide and Allied's proposed Third-Party Complaint without exhibits.

WHEREFORE, AMCO Insurance Company, Nationwide Property & Casualty Insurance Company and Allied Property & Casualty Insurance Company pray that this Court grant their motion for leave to file their third-party complaint against Hartford Steam Boiler Inspection and Insurance Company and Louis A. Benbow.

Dated: September 4, 2008

Respectfully submitted,

*Attorneys for Defendants*

By: s/ Jamie L. Hull
     John D. Hackett
     Jamie L. Hull
     CASSIDAY SCHADE LLP
     20 N. Wacker Dr., Suite 1040
     Chicago, Illinois 60606
     (312) 641-3100

7157538

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VICTOR G. PEREZ, individually and as Assignee of PINATA GRAPHICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMCO INSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:08-cv-04364 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate Judge Morton Denlow |

### DEFENDANTS' THIRD-PARTY COMPLAINT AGAINST HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY AND LOUIS BENBOW

Now come the Defendants, AMCO Insurance Company ("AMCO"), Nationwide Property & Casualty Insurance Company ("Nationwide") and Allied Property & Casualty Insurance Company ("Allied") by and through their attorneys, John D. Hackett and Jamie L. Hull of Cassiday Schade LLP, and for their Third-Party Complaint against Hartford Steam Boiler Inspection and Insurance Company ("Hartford") and Louis A. Benbow ("Benbow"), state as follows:

### THE PARTIES

1. AMCO is an Iowa corporation that underwrites and issues insurance policies in the State of Illinois.

2. Allied is an Iowa corporation and an affiliate of AMCO.

3. Nationwide is an Ohio corporation and an affiliate of AMCO.



4. Hartford is a Connecticut corporation that reinsures equipment breakdown claims for insurance policies AMCO issued to policyholders in Illinois.

5. Benbow is an individual who resides in Arizona and, on information and belief, does business under the name Pressdr as a printing press consultant and maintenance and repair company.

6. This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

## COUNT I--CONTRIBUTION

7. The Plaintiffs, Pinata Graphics, Inc. ("Pinata") and Victor G. Perez ("Perez") have filed a Complaint against AMCO, Nationwide and Allied seeking to recover business income, extra expenses and other damages allegedly caused by fire damage to a Ryobi printing press on July 22, 2006. (A true and correct copy of Plaintiffs' Complaint is attached hereto and made a part hereof as Exhibit "A"). The Plaintiffs' Complaint includes causes of action for breach of contract (Count I), negligence (Count II), and for violation of Section 155 of the Illinois Insurance Code (Count III).

8. In the Plaintiff's Complaint, the Plaintiffs allege that equipment breakdown coverage provided by the insurance policy AMCO issued to Pinata and Perez was reinsured by Hartford; that Hartford handled the adjustment of an equipment breakdown claim caused by a crack in the frame of a Ryobi printing press owned by Pinata and Perez (hereinafter "Ryobi Press"); that Hartford retained Benbow to inspect the printing press and adjust the equipment breakdown claim; that the July 22, 2006 fire damage to the Ryobi Press was proximately caused by Hartford's and Benbow's negligence in handling the equipment breakdown claim; that Hartford is AMCO's agent

and Benbow is AMCO's sub-agent; and that AMCO is vicariously liable for the acts, omissions or conduct of Hartford and Benbow.

9. AMCO has filed an answer to Plaintiffs' Complaint in which it has denied that Hartford and Benbow were its agents or sub-agents, and in which AMCO has denied all substantive allegations of fault pleaded against it. (A true and correct copy of AMCO's Answer and Affirmative Defenses is attached hereto and made a part hereof as Exhibit "B").

10. Pleading in the alternative, and without prejudice to the allegations set forth in its other pleadings, AMCO states that all of the injuries and damages allegedly sustained by the Plaintiffs, if any, were the direct and proximate result of one or more of the following negligent acts and/or omissions on the part of Hartford and Benbow:

    a. Failed to follow the recommendations of Ryobi and American Pro Tech for permanent repairs to the Ryobi Press;

    b. Required further adjustments, testing, use and operation of the Ryobi Press for several months following temporary repairs, contrary to the advice and recommendations of Ryobi and American Pro Tec;

    c. Disregarded the danger presented by the presence of paper becoming trapped in the Ryobi Press during testing and/or use and operation of the Ryobi Press; and

    d. Disregarded warnings from Ryobi and American Pro Tech that the temporary repairs were not intended to keep the Ryobi Press in use and operation for several months, and that further use and operation of the Ryobi Press without the permanent repairs subjected the machine to further damage.

11. AMCO has denied and continues to deny that Hartford and Benbow were its agents or sub-agents for purposes of the handling of the equipment breakdown claim and the repair of the cracked frame of the Ryobi Press. AMCO has also denied and continues to deny that the Plaintiffs' injuries and damages, if any, were the direct and proximate result of any

conduct on its part. However, in the event that judgment is entered in favor of the Plaintiffs and against AMCO, AMCO is entitled to contribution from Hartford and Benbow in an amount equal to the relevant degree of fault found attributable to Hartford and Benbow pursuant to the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01, et seq. (1995).

WHEREFORE, defendants/third-party plaintiffs, AMCO Insurance Company, Nationwide Property & Casualty Insurance Company and Allied Property & Casualty Insurance Company pray that in the event judgment is entered against them and in favor of Plaintiffs, that judgment be entered in their favor and against Hartford Steam Boiler Inspection and Insurance Company and Louis Benbow in an amount equal to the relevant degree of fault found attributable to Hartford Steam Boiler Inspection and Insurance Company and Louis Benbow in causing Plaintiffs' injuries and damages, together with its costs in bringing this action.

## COUNT II—INDEMNITY

1-11. AMCO, Nationwide and Allied restate and repeat the allegations contained in Paragraphs 1 through 11 of Count I as though fully set forth herein.

12. At all times relevant hereto, AMCO and Hartford were parties to a Reinsurance Agreement for Equipment Breakdown Coverage. (A true and correct copy of the Reinsurance Agreement between AMCO and Hartford is attached hereto and made a part hereof as Exhibit "C").

13. The Reinsurance Agreement between AMCO and Hartford contains the following provision regarding Indemnification and Defense:

ARTICLE 10 – INDEMNIFICATION AND DEFENSE

> Each party hereto agrees to indemnify and defend the other party hereto against any and all claims for loss, liability or damage arising out of or in connectin with the acts or omissions of employees and servants of such indemnifying party, when such acts or omissions result from or are incidental to activities and services conducted solely in connectin with policies issued by the Company and reinsured, in whole or in part, by the Reinsurer. This undertaking of any limit of liability stated in this Agreement.

14. All counts of the Plaintiffs' Complaint alleges claims for loss, liability or damage arising out of or in connection with the acts or omissions of Hartford and Hartford's alleged agent, Benbow, in adjusting the equipment breakdown claim for the Ryobi Press.

15. All counts of the Plaintiff's Complaint alleges acts or omissions by Hartford and Hartford's alleged agent, Benbow, that are alleged to have resulted from or are incidental to activities and services conducted by Hartford and Hartford's alleged agent solely in connectin with an insurance policy issued by AMCO and reinsured, in whole or in part, by Hartford.

16. Hartford has a contractual obligation to indemnify and defend AMCO, Nationwide and Allied in connection with all counts of the Plaintiffs' Complaint.

16. AMCO, Nationwide and Allied have demanded that Hartford defend and indemnify them in connection with the Plaintiffs' Complaint.

WHEREFORE, defendants/third-party plaintiffs, AMCO Insurance Company, prays that in the event judgment is entered against it and in favor of Plaintiffs, that judgment be entered in its favor and against Hartford Steam Boiler Inspection and Insurance Company in an amount equal to the judgment rendered against AMCO based upon AMCO's right of contractual indemnity against Hartford Steam Boiler Inspection and Insurance Company, plus all defense

costs AMCO incurs in defending against Plaintiffs' Complaint and its costs in bringing this action.

Dated: September 4, 2008

                                         Respectfully submitted,

                                         *Attorneys for Defendants/Third-Party Plaintiffs*

                                   By:    s/ Jamie L. Hull
                                                        John D. Hackett
                                                        Jamie L. Hull
                                                        CASSIDAY SCHADE LLP
                                                        20 N. Wacker Dr., Suite 1040
                                                        Chicago, Illinois 60606
                                                        (312) 641-3100

7146929